EDWARD M. AND FRED E. HIECKE TRUST, UNDER WILL OF JENNIE M. WAINWRIGHT, ERNEST L. MILLER AND CITY NATIONAL BANK OF CLINTON, TRUSTEES, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6214. Promulgated January 10, 1946.

*Harry Thom, Esq.*, and *Joseph W. North, C. P. A.*, for the petitioners.

*Gene W. Reardon, Esq.*, for the respondent.

## OPINION.

MURDOCK, *Judge*: There is only one question for decision. The Commissioner has determined the deficiencies upon the theory that the testator created but one testamentary trust, with two beneficiaries. The petitioners contend that he erred in failing to recognize that the testator created two trusts, one for each beneficiary. The parties are agreed as to the amount of tax due under each theory. The question must be decided by examining the will, as probated, to determine the intent of Jennie M. Wainwright, that is, to determine from her will

whether she intended to create two trusts or only one. If she intended to create only one trust, then the trustees had no authority to set up two and the Commissioner was right in computing the tax on a single trust.

There is no mention in the will of two trusts. The decedent consistently used the singular in referring to the trusts and the plural in referring to the beneficiaries. She carefully directed how the single trust should be maintained and operated for the equal benefit of her two grandnephews. She directed the trustees to pay Edward, when he became 21, "one eighth ($\frac{1}{8}$) of the corpus of said trust estate," and to set aside at that time another one-eighth for Fred, to be paid to him later when he reached his 21st birthday. Edward was to receive "one sixth ($\frac{1}{6}$) of the remaining principal of said trust fund" at 25, and one-sixth was to be set aside for later payment to Fred. "One half of the remaining principal of said trust fund" was to go to Edward at 35 and the remaining one-half was to be held for Fred until he reached 35. Those distributions disposed of the entire trust. The fractions mentioned are of one whole, a single trust fund. Otherwise, two trusts continued with no terminal facilities. An interpretation recognizing two trusts would be wholly inconsistent with the words of the testator, especially those referred to in this paragraph. If she had had two trusts in mind, she undoubtedly would have used different words to convey such an intent. There would have been no sense in the provisions setting aside Fred's share every time Edward, the older of the two, reached one of the ages mentioned for distributions of corpus if there were two separate trusts. We have tried unsuccessfully to find in this will an intention to create two trusts.

One of the purposes of the testator was to have each boy treated exactly like the other. The trustees thought this purpose could be accomplished best by separating the corpus and administering it as two separate trust funds. But they can not change what the testator created. If this idea had occurred to the testator, and if it had been incorporated in her will, it might have enabled her to accomplish her purpose more easily. But obviously it never occurred to her and she did not use it in her will. The single trust corpus will have to be separated into separate fractional shares at times for Fred, and there may have to be a separation under (f), but during the taxable years there was but one trust created by this testator. It does not appear impossible to carry out her desire to treat the two boys to equal shares of corpus and income while using only one trust. The difficulties of administration were not sufficiently great to force a finding in the will of an intent to create two separate trusts. The Commissioner did not err in taxing all of the income as that of a single trust.

*Decision will be entered under Rule 50.*